UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT
PRODUCTS LIABILITY LITIGATION  MDL No. 2244

## TRANSFER ORDER

**Before the Panel**: Plaintiff in the Northern District of California action listed on the attached Schedule A (*Lyon*) moves under Panel Rule 7.1 to vacate the Panel's order conditionally transferring her action to MDL No. 2244. DePuy defendants[1] oppose the motion.

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer also is warranted for the reasons set out in our order directing centralization. In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions as to alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. *See In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. 2011). Plaintiff in *Lyon* claims that she suffered injuries related to the implantation of a DePuy Pinnacle Acetabular Cup System hip implant, which she alleges caused high blood chromium and cobalt levels and required revision surgery. *Lyon* thus falls within the MDL's ambit.

Plaintiff argues that transfer is inappropriate because federal jurisdiction is lacking over *Lyon*. The Panel consistently has held that the pendency of jurisdictional objections does not warrant vacatur. Plaintiff can present her motion for remand to the transferee judge.[2] *See, e.g., In re: Ivy*, 901 F. 2d 7, 9 (2nd Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] DePuy Orthopaedics, Inc., now known as Medical Device Business Services, Inc.; Johnson & Johnson Services, Inc.; Johnson & Johnson; DePuy International Limited; and DePuy Products, Inc.

[2] Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT
PRODUCTS LIABILITY LITIGATION**         MDL No. 2244

## SCHEDULE A

<u>Northern District of California</u>

LYON v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 4:19-5270